Ralph Diamond, J.
The defendants, Robert Noto and Jacqueline Noto, husband and wife, were charged with a violation of section 155.25 of the Penal Law.
The defendants were arraigned on February 22,1973, at which time each pleaded not guilty. On the same date the charge was amended to attempted petit larceny (Penal Law, §§ 110.00, 155.25). The defendants changed their pleas to guilty of the amended charge. Sentence was deferred pending a presentence report and a medical examination pursuant to section 207 (now § 81.19) of the Mental Hygiene Law, to determine if the defendants were narcotic addicts.
Pursuant to the court’s order, Jacqueline Noto was examined by Dr. Charles Miracola, and Robert Noto was examined by Dr. Charles S. Rubenstein, on March 8, 1973. The reports of the doctors certified that each of the defendants was a narcotic addict, within the meaning of such, term, as defined by section 81.03 (formerly § 201) of the Mental Hygiene Law. Each of the defendants denied being a narcotic addict, waived a jury, and addiction hearings were held separately for each defendant.
*782 The undisputed testimony is that each of the herein defendants has not used heroin for a period of over two years, and during that period of time, each has been on a State of New York approved program of methadone maintenance. The question before the court is to determine whether the People have met their burden of proving heroin addiction by a fair preponderance of the credible evidence despite the fact that the defendants admittedly have not used heroin for over two years.
As it read at the time of this violation, section 81.03 (subd. [b], par. 3) defined a “ narcotic addict” as “a person who is at the time of examination dependent upon opium, heroin, morphine, or any derivative or synthetic drug of that group or who by reason of the repeated use of any such drug is in imminent danger of becoming dependent upon opium, heroin, morphine, or any derivative or synthetic drug of that group; provided, however, that no person shall be deemed a narcotic addict solely by virtue of his taking of any of such drugs pursuant to a lawful prescription issued by a practitioner in the course of professional treatment for legitimate medical purposes.”
The People contend that the defendants admit that at one time they were heroin addicts and the only reason they are not presently taking heroin is because they are on methadone which has blocked their craving to take heroin. The defendants’ defense is that the People have failed to prove by a fair preponderance of the evidence that either of the defendants is, or was, at the time of the examination heroin addicts, or that they were in imminent danger of becoming dependent upon heroin or any derivative of that group.
The People in support of its contention rely upon the decisions of Judge Douglas F. Young, of the Nassau County Court, in People v. Batta, an unreported decision after hearing on March 12, 1973, and Judge Marie G-. Santagata, in People v. Condon (N. Y. L. J., April 12, 1973, p. 19, col. 6). The court has carefully reviewed the decisions reached in the aforementioned addiction hearings. It is interesting to note that Dr. Rubenstein is the same doctor who testified for the People, in the People v. Batta and People v. Condon matters, as well as in the herein hearing of Robert Noto.
Judge Young in his decision in People v. Batta (supra) appears to have reached the conclusion that ‘ ‘ the heroin addict, if he fails for any reason to take his methadone, the addict will find that he is still addicted. If he were not so addicted, it would not be necessary, of course, for him to take methadone.”
*783 The court disagrees with that conclusion. Testimony of Dr. Rubenstein and Dr. Miracola indicates that some addicts have been cured under the methadone program. Judge Young in his decision refers to Dr. Rubenstein’s testimony indicating that the defendant in that case would still be considered in his opinion to be an addict ‘ ‘ until the time of at least three years had expired after he had suspended the use of methadone and during that period he had not reverted to the use of heroin. ’ ’ A similar statement by Dr. Rubenstein was made when he was a witness in the Robert Noto addiction hearing.
In an attempt to learn more about this subject the court has made its own independent research. Based upon its own research, the court finds that unfortunately no reliable statistics are available to indicate the percentage of methadone users who discontinue its use that return to heroin use. Nor is there any reliable information to indicate any guidelines one should use to determine the possibilities of a methadone user reverting to heroin use. The authorities are in general agreement that patients in methadone treatment programs experience a great reduction in the use of drugs, a decrease in the amount of crime related to their addiction, an increase in the ability to become self-employed and a concurrent decrease in the amount of welfare assistance to these patients. However, none of these accomplishments resulting from the methadone treatment programs assist the court in rendering its decision in determining whether the defendants are heroin addicts. Nevertheless, the court has concluded that each case must be determined on its own facts and not upon the conclusion that while one is taking methadone under a New York State approved program he is still a heroin addict.
Judge Santagata, in her well-written decision in People v. Condon (N. Y. L. J., April 12, 1973, p. 19, col. 6, supra) stated, “Use is not the only measure of dependency. The use or lack of use of heroin at a given time is just one factor to be considered in determining whether the defendant is presently a narcotic addict. One must look at the composite pattern of behavior.” The court is in full agreement with her statement and therefore rejects the defendants’ contention that the defendants should be found to be nonaddicts because they have refrained from using heroin for more than two years.
In determining the question of addiction, the court must take many things into consideration. Dr. Rubenstein in his testimony during this hearing testified that he is of the opinion, based upon his conversations with his fellow doctors, who work *784 with methadone patients, that 50% of those who are on methadone return to the use of heroin once they discontinue using methadone. The question the court has to determine is whether the defendants in this case will fall into which 50%.
The court in reaching its decision has taken the following factors into consideration. The length of time each defendant was on heroin; the period of time in an approved methadone program; results attained in the program; the attendance at such program; any relapses; previous medical history; motivation, character, will and desire to overcome the desire to take heroin; present activities, including employment, social, etc.
Based upon the testimony and exhibits admitted into evidence in each of the herein hearings, and using the factors just recited, the court finds the following:
In the matter of Jacqueline Noto, that the People have failed to meet its burden of proof by a fair preponderance of the credible evidence, and therefore find the defendant Jacqueline Noto not to be a narcotic addict.
In the matter of Robert Noto, that the People have met its burden of proof by a fair preponderance of the credible evidence, and therefore find the defendant Robert Noto to be a narcotic addict.